**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William W. Castle,<br><br>   Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>   Respondents. | No. CV 08-1145-PHX-MHM (MHB)<br><br>**ORDER** |

  Petitioner filed a Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254. (Dkt. # 1.) The matter was referred to United States Magistrate Judge Michelle H. Burns, who issued a Report and Recommendation recommending that the Court deny and dismiss the Petition for Writ of Habeas Corpus with prejudice. (Dkt. # 16.) Petitioner filed a written objection to the Report and Recommendation (Dkt. # 22), and Respondents filed a response (Dkt. # 23). Petitioner then filed a document titled "Reply to Respondents' Response to Petitioner's Objections to Magistrate's Report and Recommendation." (Dkt. # 24.)

## I. BACKGROUND

  Petitioner, William Windsor Castle, was indicted in Maricopa County Superior Court for: (1) one count of Fraudulent Schemes and Artifices, a class 2 felony; (2) one count of Illegal Control of an Enterprise, a class 3 felony; and (3) one count of Participating in a Criminal Syndicate, a class 2 felony. (Dkt. # 11, Exh. A.) On March 23,

2005, Petitioner pled guilty to one count of Fraudulent Schemes and Artifices. (Dkt. # 11, Exhs. B, C, D.) In exchange for his plea, the other two counts in the Indictment were dismissed, and the parties agreed that Petitioner would serve between 5 and 10 years in prison, concurrent with his sentence in case #CR2004-022529-001 DT. (Dkt. # 11, Exh. B.)

The fraudulent scheme involved Petitioner and others procuring two liquor licenses by concealing Petitioner's controlling interest in the entities seeking licenses. (Dkt. # 11, Exh. F at 3.) If Petitioner and his associates had been truthful about Petitioner's involvement with the liquor licenses, the licenses would have been denied since Petitioner was a convicted felon. (Dkt. # 11, Exh. F at 3.) The trial court accepted Petitioner's guilty plea and, on July 22, 2005, sentenced him to a presumptive term of 5 years imprisonment, concurrent with his sentence in case #CR2004-022529-001 DT. (Dkt. # 11, Exhs. G, H.)

## II. STANDARD OF REVIEW

The Court reviews, *de novo*, the Magistrate Judge's proposed findings and recommendations to which objections are filed. See 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Failure to object to a Magistrate Judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000); Thomas v. Arn, 474 U.S. 140, 149 (1985) (district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection"). A district court has authority to accept, reject, or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Habeas Corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgement. 28 U.S.C. § 2244(d).

Petitioner filed his timely Petition for Writ of Habeas Corpus on June 19, 2008. (Dkt. # 1.)

In his petition, Petitioner asserts that: (1) Arizona's fraudulent schemes statute is unconstitutionally vague, and (2) Petitioner's conduct failed to "embrace all the elements of the criminal offense of which he was convicted and there was no factual basis for his conviction." (Dkt. # 1 at 6-7.) Magistrate Judge Michelle H. Burns issued a Report and Recommendation in which she recommended Petitioner's habeas petition be denied and dismissed with prejudice. (Dkt. # 16.) Petitioner did not object to the finding that Petitioner's vagueness claim is limited to a facial challenge based on his guilty plea. Petitioner also did not object to the finding that Ground Two is barred by his guilty plea. Therefore, we do not review these findings. With respect to Ground One, Petitioner asserts that the Report erred in concluding that: (1) Petitioner did not fairly present his vagueness claim, (2) Petitioner could not show "cause and prejudice," (3) Arizona's fraudulent schemes statute is not unconstitutionally vague on its face, and (4) Arizona's fraudulent schemes statute is not unconstitutionally vague as applied to Petitioner's conduct. (Dkt. # 22.)

**A. Exhaustion and Procedural Default (Objections One and Two)**

To have a meritorious federal writ of habeas corpus, a state prisoner first must exhaust his remedies in the state courts. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's highest court in a procedurally correct manner. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.), cert. denied, 545 U.S. 1144 (2005). A claim has not been fairly presented unless the operative facts and federal legal theory upon which the claim is based have been described. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971).

///

1    Petitioner argues that he fairly presented his vagueness claim as a facial challenge in the Arizona courts because he cited Village of Hoffman Estates v. Flipside, Hoffman Estates Inc., 455 U.S. 489 (1982), in his post-conviction relief ("PCR") petition, and Kolender v. Lawson, 461 U.S. 352 (1983), in his Reply in support of his PCR petition. (Dkt. # 22.) Petitioner also points to a hypothetical in his PCR petition regarding a failure to be truthful about one's weight on a driver license application. Petitioner argues that his hypothetical supported a facial claim because "he was seeking to vindicate not only his own rights, but those of others who may also be adversely impacted by the statute in question." (Dkt. # 22.)

The Court is not persuaded that Petitioner fairly presented his vagueness claim as a facial challenge in the Arizona courts. Petitioner's mere citation of potentially relevant cases is insufficient to fairly present a claim. See Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Petitioner's hypothetical also did not equate to an argument that the statute was "impermissibly vague in *all* its applications," as required by Village of Hoffman Estates, 455 U.S. at 494-95, in order to succeed on a facial challenge. Rather, his hypothetical provided one instance where application of the statute could create an issue of notice. Finally, Petitioner titled his argument as follows: "The Arizona Fraudulent Schemes Statute is unconstitutionally vague *in this case*." (Dkt. # 11, Exh. K at 3) (emphasis added). This title suggests Petitioner's argument was an as-applied challenge, not a facial challenge.

Accordingly, the Court finds that Petitioner did not fairly present his vagueness claim as a facial challenge in the Arizona courts and, as a result, failed to properly exhaust his available state remedies as required under 28 U.S.C. § 2254.

If a petitioner's claims are procedurally defaulted, the petitioner may not raise the claim in federal habeas unless the petitioner can (1) demonstrate a miscarriage of justice, or (2) show cause and prejudice that would excuse the default. See Coleman, 501 U.S. at

- 4 -

750-51; Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000) (quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994)). A miscarriage of justice occurs when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). "[C]ause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Iganacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). The Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982); and Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

Petitioner argues that the Arizona Department of Corrections failed to provide him with the "necessary tools" to fairly present his vagueness claim as a facial challenge and that this is sufficient to show cause. Petitioner defines "necessary tools" as case reporters, legal treatises, and paralegals that provide more than notarial and copy services. (Dkt. # 22 at 5.)

Petitioner has not argued that a miscarriage of justice has occurred, nor has he demonstrated that cause and prejudice excuse the default. Prisoners do not have an abstract "freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343 at 351 (1996). Instead, prisoners must show that they have suffered actual injury as a result of alleged shortcomings in prison libraries. Id. Here, Petitioner stated the requirements of a facial challenge in his PCR petition by quoting Village of Hoffman Estates, which provides a lengthy analysis of the difference between facial and as-applied challenges. Village of Hoffman Estates, 455 U.S. at 494-98. Based on Petitioner's citation in his PCR, the Court does not agree that Petitioner lacked the "necessary tools" to present a facial challenge.

Accordingly, the Court does not find a miscarriage of justice, or cause and prejudice that would excuse the default.

///

- 5 -

In lieu of the Court granting Petitioner's habeas claim, Petitioner requests an evidentiary hearing to show that Petitioner did not have access to appropriate case law. (Dkt. # 24.) Petitioner argues that cause has been shown because he did not have counsel to assist him with case law. However, Petitioner waived his right to counsel and filed a *pro per* petition for PCR relief. (Dkt. # 11, Exhs. J, K.) The Court has already determined that Petitioner had the necessary case law to present a facial challenge because he cited it in his PCR petition. Therefore, the Court does not agree that an evidentiary hearing is necessary.

Petitioner also argues that he has shown a First Amendment violation as cause to excuse the procedural default. (Dkt. # 24.) Petitioner did not explain or support this argument. Accordingly, the Court finds the argument is without merit.

**B. Merits Analysis (Objections Three and Four)**

**1. Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., delivering the opinion of the Court as to the AEDPA standard of review).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. Indeed, "[a] state court's decision can involve an 'unreasonable application' of federal law if it either (1) correctly identifies the governing

rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, a state court's application of federal law must be more than incorrect or erroneous, it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Furthermore, "[w]hen applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

**2. Facial Challenge**

Although this Court finds Petitioner's facial challenge to Arizona's fraudulent schemes statute procedurally defaulted, the Court will, in the alternative, address the merits of Petitioner's facial challenge.

When a facial challenge is presented based on overbreadth and vagueness, the court must "determine whether the enactment reaches a substantial amount of constitutionally protected conduct." Village of Hoffman Estates, 455 U.S. at 494-95. If the law does not reach a substantial amount of constitutionally protected conduct, "then the overbreadth challenge must fail." Id. Next, the court should consider the facial challenge based on vagueness and "uphold the challenge only if the enactment is impermissibly vague in all of its applications." Id. Where a statute is not found to be impermissibly vague in all of its applications, "it may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." City of Chicago v. Morales, 527 U.S. 41, 55 (1999) (quoting Kolender v. Lawson, 461 U.S. 352, 358 (1983)).

Arizona's fraudulent schemes statute provides, in relevant part, as follows:

> A. Any person who, pursuant to a scheme or artifice to defraud, *knowingly* obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions is guilty of a class 2 felony.

A.R.S. §13-2310(A) (emphasis added).

The Court finds that Arizona's fraudulent schemes statute is not unconstitutionally vague on its face. The statute prevents false or misleading representations, and therefore, does not implicate the First Amendment. See Illinois, ex rel. Madigan v. Telemarketing Assocs., Inc., 538 U.S. 600, 618-21 (2003). Because the First Amendment is not implicated by Arizona's fraudulent schemes statute, Petitioner must show that the statute is "impermissibly vague in all of its applications." See Washington State Grange v. Washington State Republic Party, 128 S. Ct. 1184, 1190 (2008) (citation and internal quotations omitted).

Arizona's fraudulent schemes statute is not impermissibly vague in all of its applications. The statute was modeled after the federal mail fraud statute. See State v. Henry, 68 P.3d 455, 459 (Ariz. App. 2003). The federal mail fraud statute has constitutional applications. See Schmuck v. United States, 489 U.S. 705, 710-15 (1989). Similarly, the court in State v. Proctor, 2 P.3d 647, 654, ¶ 26 (Ariz. App. 1998), found constitutional applications of Arizona's fraudulent schemes statute. In that case, Petitioners argued that two provisions of the statute were inconsistent and, as a result, that the statute was impermissibly vague in all of its applications. Id. at 650-51. The court found that the two provisions were not inconsistent, but instead required that a defendant "engage in fraudulent behavior to be convicted of violating the statute." Id. at 651. The court held that "[b]ecause appellants made false representations and promises, in addition to material omissions, their conduct was clearly proscribed by the [Arizona fraud] statute." Id. at 654. Therefore, the Court finds that Arizona's fraudulent schemes statute is not impermissibly vague in all of its applications.

As Petitioner correctly points out, our analysis does not end here. Rather, we must consider whether the statute proscribes standards for the police and public in order to prevent arbitrary enforcement. Morales, 527 U.S. at 55.

/ / /

1       Petitioner asserts that Arizona's fraudulent schemes statute is impermissibly vague
2 because it does not clearly define "benefit." (Dkt. # 22 at 7.) Petitioner argues that the
3 statute "authorizes and even encourages arbitrary and discriminatory enforcement in
4 violation of Kolender" by using the term "benefit" rather than more narrowly defined
5 terms. (Dkt. # 22 at 6.) Petitioner provides a hypothetical where one calls an emergency
6 hotline and "knowingly misrepresents that a fire is occurring, and receives the benefit of
7 laughter." Petitioner asserts that this conduct would satisfy Arizona's fraudulent schemes
8 statute. (Dkt. # 22 at 6.)

      The Court is not persuaded by Petitioner's argument that the term "benefit" allows for arbitrary enforcement. In Morales, the ordinance at issue prohibited gang members from loitering in any public place. Morales, 527 U.S. at 45-6. The Court found that because the ordinance was "a criminal law that contained no *mens rea* requirement, and infringe[d] on constitutionally protected rights" it was subject to facial attack. Id. at 55. Arizona's fraudulent schemes statute differs from the ordinance in Morales because it contains a *mens rea* requirement–the defendant must "knowingly" obtain benefit by fraud. A.R.S.§13-2310(A). The statute in this case also does not infringe on constitutionally protected rights, *supra*, like the statutes in both Morales and Kolender. Morales, 527 U.S. at 53; see also Kolender, 461 U.S. at 357. Therefore, the Court finds that Arizona's fraudulent schemes statute does not permit arbitrary enforcement.

      Accordingly, the Court denies Petitioner's facial challenge on the merits.

**3. As-Applied Challenge**

      Petitioner also asserts an objection to the Magistrate Judge's finding that Arizona's fraudulent schemes statute is not unconstitutionally vague as applied to Petitioner's conduct. Petitioner, however, did not object to the finding that an as-applied challenge was barred by his guilty plea. (Dkt. # 22.) Nonetheless, the Court will address the merits of Petitioner's as-applied challenge.

///

A statute is vague as applied if (1) it "fails to give [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" or (2) it fails to "provide explicit standards for those who apply [the statute]." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). The Supreme Court "has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." Village of Hoffman Estates, 455 U.S. at 499. When a *mens rea* requirement exists, a defendant must consciously behave "in a way the law prohibits, and such conduct is a fitting object of criminal punishment." United States v. United States Gypsum Co., 438 U.S. 422, 445 (1978).

Petitioner asserts that Arizona's fraudulent schemes statute does not define "benefit" in a way that includes a government-issued license. Petitioner argues that obtaining a government-issued liquor license does not qualify as a "benefit" because the license is not an economic advantage in a Government-citizen relationship. (Dkt. # 22 at 11.)

The Court does not agree that Arizona's fraudulent schemes statute is unconstitutionally vague as applied to Petitioner's conduct. Arizona's Criminal Code defines "benefit" as "anything of value or advantage, present or prospective," A.R.S. § 13-105(3), and there is a clear advantage to obtaining a liquor license because it allows the holder to sell liquor. Petitioner's argument that the "benefit" must be within the scope of his relationship with the Government is unsupported. The plain language of the statute does not limit "benefit" to that which is received directly from the defrauded party, and Petitioner does not cite case law to support this proposition. Moreover, Arizona's fraudulent schemes statute contains a *mens rea* requirement because the defendant must "knowingly" obtain benefit by fraud. A.R.S.§13-2310(A). Petitioner has not shown that the statute fails to provide a reasonable opportunity to know what is prohibited or that it fails to provide explicit standards for those who apply the statute.

Accordingly, the Court denies Petitioner's as-applied challenge on the merits.

# IV. CONCLUSION

The Court agrees with the Magistrate Judge's determination that the claims in Petitioner's habeas petition are barred by Petitioner's guilty plea, procedurally defaulted, or fail on the merits.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation (Dkt. # 16) in its entirety as the Order of the Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. # 1) is denied and dismissed.

The Court has reviewed Petitioner's "Request for Any Court Orders Entered After June 8, 2009; and Notice of Change of Address." The Court having previously updated Petitioner's address with the correct zip code, and Petitioner having timely filed his Objection,

**IT IS FURTHER ORDERED** denying said motion as moot. (Dkt. # 21.)

**IT IS FURTHER ORDERED** denying Petitioner's request for an evidentiary hearing. (Dkt. # 24.)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgement accordingly.

DATED this 21st day of October, 2009.

_____
Mary H. Murguia
United States District Judge